THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL BODINE, Defendant-Appellant.
Fourth District    No. 16725

Opinion filed June 9, 1981.

Jon D. Robinson, of Hull, Campbell, Robinson & Gibson, of Decatur, for appellant.

Chris Freese, State's Attorney, of Sullivan (Martin N. Ashley and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

An information charged defendant, Michael Bodine, with the offense of reckless driving in violation of section 11—503 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—503). Defendant waived trial by jury and at the conclusion of his bench trial, was found guilty of the crime charged. The defendant appeals from his conviction for reckless driving, raising only sentencing issues.

A presentence report was submitted to the court at the sentencing hearing held in this case. The presentence report contained defendant's prior driving record which showed that in the preceding 8 years defend-

ant had been convicted of 11 traffic related offenses, including 7 speeding violations and 1 prior reckless driving conviction. The defendant's attorney stated that all of the previous convictions had resulted in sentences of fines.

Defendant testified at the hearing in aggravation and mitigation, attributing all but one of his previous traffic convictions to alcohol, but he vowed to lead a better life in the future. At the conclusion of the hearing, the trial court denied both defendant's request for supervision and the State's Attorney's request that the defendant be sentenced to 6 months' imprisonment. The trial court noted defendant's extensive record of previous convictions, the traumatic effect of the offense on the two victims, and the likelihood that defendant's conduct could easily have resulted in bodily injury. After noting that he considered the statutory requirements, the court gave defendant the following sentence: "He [defendant] will be fined $500. He will be sentenced to the local jail for a period of thirty days. He will be placed on probation for a period of one year."

One issue raised by defendant is whether a sentence of imprisonment can be given in addition to a sentence of probation, where the imprisonment is not a condition of probation. Defendant filed a motion to reduce his sentence within 30 days of its imposition, and at the hearing on that motion the trial court clarified the original sentence by stating: "I want the record to show the thirty days in jail was a condition of probation and is not in addition to the one year probation." The clarification of the sentence imposed by the trial court abrogates the need for this court to decide whether the sentence as originally stated was proper.

■■■ Defendant asserts that the "clarification" was a new sentence altogether and occurred more than 30 days after the original sentence was imposed, at which time the trial court lacked jurisdiction to change the sentence, citing section 5—8—1(c) of the Unified Code of Corrections. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(c).) Initially, we find that the new clarification was simply that, a clarification, and not a new sentence. Secondly, the court retained jurisdiction to reduce or modify the sentence by defendant's timely filing of a motion to reduce or modify the sentence imposed. *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, 387 N.E.2d 692, cited by the defendant, states no contrary rule. In *Rosin*, there had been no timely motion to modify the sentence filed and therefore no retention of jurisdiction by the trial court.

■■ Defendant next contends that the trial court improperly failed to consider, or was predisposed against, the sentencing alternative of supervision. The basis for defendant's contention is the following statement by the trial court: "I might advise you, Mr. Robinson, [defense attorney] that supervision is somewhat unusual in this county and this Court is of the opinion it is abused in many parts of the state." Defendant asserts, based

on this statement, that the trial judge exhibited a predisposition against giving defendant supervision, and thus this case falls into line with *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, and *People v. Wilson* (1977), 47 Ill. App. 3d 220, 361 N.E.2d 1155. We need not reach the issue of judicial predisposition, as defendant was ineligible for supervision in this case.

The statutory provision governing the imposition of supervision, section 5—6—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1(c)) provides in part:

> "The court may, upon a plea of guilty or a stipulation by the defendant of the facts supporting the charge or a finding of guilt, defer further proceedings and the imposition of a sentence, and enter an order for supervision of the defendant if the defendant is not charged with a felony and having regard for the circumstances of the offense, and the history, character and condition of the offender, the court is of the opinion * * *."

By such language, there are two basic situations in which a defendant may be eligible for supervision. They are (1) when a defendant pleads guilty, or (2) when a defendant stipulates to either the facts supporting the charge or to the facts supporting a finding of guilt. Further, we note that supervision is purely a statutory creation and therefore the foregoing are the only situations in which supervision is appropriate. (*People v. Breen* (1976), 62 Ill. 2d 323, 342 N.E.2d 31.) Our interpretation of the foregoing statute is supported by the policy which we believe underlies the sentencing alternative of supervision, which is that supervision is only available to those who have taken one step toward rehabilitation by admitting the nature of their conduct. In the instant case, defendant did not plead guilty or stipulate to the facts supporting the charge or the facts supporting a finding of guilt, and therefore we find he was ineligible for supervision.

One final issue raised by defendant is that the trial court sentenced defendant to 30 days' imprisonment yet failed to make the findings required, as a prerequisite for a sentence of imprisonment, contained in section 5—6—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—1). Section 5—6—1 provides that the court shall impose a sentence of probation unless it finds:

> "(1) his imprisonment or periodic imprisonment is necessary for the protection of the public; or
> (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice."

In *People v. Cox* (1980), 82 Ill. 2d 268, 281, 412 N.E.2d 541, 548, it was held that substantial compliance with the statutory provision suffices and

that a recitation *seriatim* of those provisions is not required in order to demonstrate compliance by the court.

In the case at bar, the court noted the defendant's lengthy prior traffic record, the possibility of injury which could have occurred because of defendant's conduct, and the traumatic effect on the two women involved in the incident. The court further stated that it had considered the statutory requirements. We believe that this constitutes substantial compliance with section 5—6—1.

Affirmed.

MILLS and WEBBER, JJ., concur.