(No. 54477.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. BILLY JOE CASTILE *et al.*, Appellees.

*Opinion filed November 20, 1981.*

Tyrone C. Fahner, Attorney General, of Springfield, and Donald W. Weber, State's Attorney, of Edwardsville, John Baricevic, State's Attorney, of Belleville, and David W. Hauptmann, State's Attorney of Harrisburg (Martin N. Ashley and Gillum Ferguson, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

John H. Reid, Charles M. Leonhard, and Daniel M. Kirwan, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee Vernon DeWitt.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The sole issue before us in these five consolidated criminal cases is whether a bail deposit in custody of the clerk of the appellate court can be applied to the satisfaction of costs taxed in the trial court, the authenticity of which is established before the appellate court by certificate of the circuit court clerk. The appellate court denied the State's motion to apply the deposit to payment of both trial court costs and appeal costs, holding that the deposit could be applied against costs incurred and taxed in the

appellate court but that it was without statutory authority to apply the deposit against costs taxed by the trial court. (91 Ill. App. 3d 958.) We allowed the State's petition for leave to appeal and now reverse.

The defendants contend, and the appellate court held, that in the absence of specific statutory authority costs taxed in one court may not be satisfied by application of bail deposits in custody of another court in the same cause, except through civil remedies such as levy and execution. The State contends such authority is to be found in the relevant statute which in pertinent part provides:

> "(a) The person for whom bail has been set shall execute the bail bond and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10% of the bail, but in no event shall such deposit be less than $25.
>
>      * * *
>
> (f) When the conditions of the bail bond have been performed and the accused has been discharged from all obligations in the cause the clerk of the court shall return to the accused, unless the court orders otherwise, 90% of the sum which had been deposited and shall retain as bail bond costs 10% of the amount deposited. * * *
>
>      * * *
>
> (i) After a judgment for a fine and court costs or either is entered in the prosecution of a cause in which a deposit had been made in accordance with paragraph (a) the balance of such deposit, after deduction of bail bond costs, shall be applied to the payment of the judgment." Ill. Rev. Stat. 1979, ch. 38, par. 110—7.

We think these quoted sections clearly allow trial court costs, taxed in the trial court and included as part of the judgment in that court, to be recovered from a bail deposit in the appellate court. Although defendants contend that subparagraph (i) applies only to costs taxed by the same court having custody of the bail deposit, we note that both

subparagraphs (f) and (i) use the term "cause," which would normally include both the trial and reviewing court proceedings in the case.

In *People v. Nicholls* (1978), 71 Ill. 2d 166, this court, after quoting from *Crum v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1918), 212 Ill. App. 518, noted:

"Thus, the authority of a clerk of a court of review to tax costs against a losing party arises from the judgment of that court. Also, the amount of bail on deposit with the clerk can only be applied to the satisfaction of those costs for which judgment has been entered, as provided in section 110—7(h), quoted above." (71 Ill. 2d 166, 178.)

Although in that case we also noted that a judgment for costs is only incidental to the criminal conviction (71 Ill. 2d 166, 174), that judgment, nevertheless, is before the appellate court when the cause is appealed. The judgment of the trial court includes the costs of those proceedings (Ill. Rev. Stat. 1979, ch. 38, par. 180—3), and they are necessarily incorporated into the judgment appealed from. Its judgment for costs, in the absence of a contrary provision, normally includes all costs. Therefore, when the appellate court enters a judgment in the cause which affirms the conviction, section 110—7(i) authorizes the bail deposit to be applied in part to the payment of the judgment. The appellate court is not taxing trial court costs—that has already been done by the trial court. It is simply entering a judgment carrying with it the costs accrued in the case. Similarly, the mandate of a reviewing court which has entered a judgment for costs enables a lower court holding a bail deposit to apply the balance of that deposit to payment of those costs. Here, too, the costs and the judgment will, upon issuance of our mandate, be before the court with jurisdiction over the bail deposit, a procedure we believe contemplated by the statute. Moreover, we fail to perceive any benefit to defendants or the State were we to

adopt defendant's position. If costs could be satisfied only by levy and execution against the bail deposit, those costs would still be recovered, but at significantly greater cost to defendant and inconvenience to the State and the judicial system. Accordingly, we hold that where costs have been taxed by a trial court, the reviewing court may order them paid from a bail deposit in its custody. Ill. Rev. Stat. 1979, ch. 38, par. 110—7.

The judgments of the appellate court in the fifth district in People v. Castile, No. 75—26, People v. Thomas, No. 76—475, and People v. DeWitt, No. 77—279, are therefore reversed and the causes remanded to the appellate court with directions that it allow the State's motion for costs in all courts in accordance with this opinion. In the other two fifth district cases, People v. Wynne, No. 76—250, and People v. Haywood, No. 77—29, which do not involve costs in the circuit court, the judgments are affirmed.

*Reversed and remanded, with directions, in*
*People v. Castile, People v. Thomas, and*
*People v. DeWitt; judgments affirmed in*
*People v. Wynne and People v. Haywood.*