THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. CRETE, Defendant-Appellant.

Second District   No. 84—68

Opinion filed April 9, 1985.—Modified on denial of rehearing June 12, 1985.

G. Joseph Weller and Nicholas J. Kritikos, both of State Appellate Defender's Office, of Elgin, for appellant.

James S. Williams, State's Attorney, of Mt. Carroll (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of Elgin, and Raymond L. Beck, of State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Gary L. Crete, was charged by information on November 8, 1982, with the offenses of aggravated battery, resisting a police officer and criminal damage to property. (Ill. Rev. Stat. 1981, ch. 38, pars. 12—4(b)(6), 31—1, 21—1(a).) The first trial by jury on May 31, 1983, resulted in a mistrial. At a second jury trial held on June 28-29, 1983, defendant was found guilty of aggravated battery and resisting a police officer but not guilty of criminal damage to property. Defendant was sentenced to 10 years' imprisonment for aggravated battery and 360 days for resisting a police officer.

On appeal defendant contends that: (1) the trial court improperly denied defendant's motion for substitution of judge for cause; (2) the trial court abused its discretion in sentencing defendant to the maximum extended term for aggravated battery; and (3) the trial court erred in refusing to consider defendant's timely motion to reduce or modify sentence. Additionally, in a motion which this court ordered to be taken with the case, defendant contends he is entitled to refund of his bail security deposit.

At 1:30 a.m. on November 7, 1982, as George Hayden and his

brother were pulling into the parking lot of the Riverboat Lounge in Savanna, they observed defendant slamming a woman (defendant's wife) against a pickup truck. The two witnesses testified that when they approached the defendant, he had a knife, although the defendant and his wife claimed it was merely a key chain file and bottle opener. The witnesses ran into the lounge and had the owner call the police. As the police officers arrived, they saw defendant run out the back door of the lounge and strike his wife on the head with his hand, knocking her to the pavement.

At the time of the incident, defendant's wife told the police officers that she wanted her husband arrested. When Officer Chris Long attempted to handcuff defendant, he resisted. The officers testified that defendant refused to enter the squad car and, as they were putting him in, defendant kicked Officer Long in the leg, swore at him, and spit in his face. Upon arrival at the station, defendant had to be physically removed from the police car. Afterwards, when defendant was transported to the county jail, he was verbally abusive and uncooperative.

On June 29, 1983, the jury found defendant guilty of aggravated battery and resisting a police officer, but not guilty of criminal damage to property. At a sentencing hearing on August 1, 1983, the court found that defendant was eligible for an extended-term sentence and sentenced him to 10 years' imprisonment for aggravated battery and 360 days for resisting a police officer.

On August 9, 1983, counsel for the defendant filed a motion to vacate or modify sentence and, alternatively, for a new trial. Defendant filed a *pro se* motion, supported by affidavit, on October 28, 1983, seeking to disqualify the trial judge from ruling on the motion to vacate sentence. Following a hearing on November 30, 1983, the defendant's motion to disqualify the trial judge was denied and the court granted the State's motion to deny or dismiss defense counsel's motion to vacate or modify sentence or, alternatively, for a new trial.

■ Defendant first argues that the trial judge erred by not allowing a hearing on defendant's motion for substitution of judge for cause nor stating a coherent basis for denying the motion on its face. Additionally, defendant contends that the statute required that another judge, rather than the trial judge, should have heard the motion.

Section 114—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 114—5(c)) provides in pertinent part:

"[A]ny defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such

motion a hearing shall be conducted as soon as possible after its filing by a judge not named in the motion \*\*\*."

In the present case defendant filed a *pro se* motion, supported by affidavit, to disqualify the trial judge from presiding over defendant's pending motion to vacate his sentence, alleging prejudice on the part of the judge against defendant. A copy of the motion was sent to the chief judge. The chief judge then assigned the motion for hearing on November 30, 1983, the date scheduled for the hearing on post-trial motions. In a letter to defendant the chief judge indicated:

"It is not the prerogative of the chief judge to grant the relief you prayed for without a hearing before the judge assigned to the case."

The Illinois Supreme Court has repeatedly stated that a motion to transfer a case to a new judge, due to the alleged prejudice of the assigned judge, must be made at the earliest practical moment after any potential prejudice is discovered. (*People v. Taylor* (1984), 101 Ill. 2d 508, 518, 463 N.E.2d 705.) This is true even though a motion for substitution of judge is to receive a liberal rather than a strict construction. (*People v. Clay* (1984), 124 Ill. App. 3d 140, 147, 463 N.E.2d 929.) In the present case, defendant asked for a substitution of judge after he had been found guilty by the jury and sentenced by the judge, although he argues that his motion was timely because it was made well in advance of the hearing on post-trial motions.

A defendant's right to substitute judge for cause is not absolute, but requires substantiation to insure that his claim of prejudice is not frivolously made. (*People v. Vance* (1979), 76 Ill. 2d 171, 178, 390 N.E.2d 867.) Furthermore, the trial judge does not have the burden of justifying his retention of a case. (*People v. Trolia* (1982), 107 Ill. App. 3d 487, 499, 437 N.E.2d 804, *cert. denied* (1983), 460 U.S. 1044, 75 L. Ed. 2d 798, 103 S. Ct. 1442.) Rather, a defendant has the burden of showing prejudice which would disqualify the judge. *People v. Dunigan* (1981), 96 Ill. App. 3d 799, 421 N.E.2d 1319, *appeal denied* (1981), 85 Ill. 2d 569.

Defendant's affidavit in support of his motion to disqualify the trial judge from hearing the motion to vacate sentence reveals that defendant complained of behavior on the part of the trial court which occurred generally throughout the trial as well as at the sentencing hearing. Defense counsel attempted to relate an incident that had occurred prior to sentencing which was not mentioned in the motion. The court gave the defendant an opportunity to submit an affidavit thereon. The record does not disclose it. However, the allegations in defendant's motion and affidavit attached therewith either appear too

general in nature to warrant a finding of prejudice, or constitute unsubstantiated conclusions. Thus, the affidavit is insufficient to establish the necessary prejudice required for substitution of judge. Moreover, a review of the record fails to support defendant's claim of prejudice. We conclude, therefore, that the trial judge did not err in finding defendant's motion to substitute judge untimely, nor do we find that the record or the affidavit reveals prejudice on the part of the trial court so as to raise sufficient cause for his removal.

■ Defendant also claims error in that the trial judge, rather than another judge, heard defendant's motion for substitution. It is not completely clear why the chief judge, to whom the motion was addressed, referred the matter back to the trial court. Nevertheless, the circumstances of the present case do not reveal that it was prejudicial error to assign the motion to the same judge, even though the statute provides that a judge other than the one named in the motion must hear the motion for substitution for cause. First of all, the record reveals that defendant had already requested a substitution of judge and his request had been granted. Second, the fact that defendant's motion was so untimely, *i.e.*, filed subsequent to both verdict and sentence, strongly suggests that the motion was not made in good faith. Additionally, the matters complained of, allegedly extending from pretrial to the sentencing hearing, would have rendered it almost impossible for another judge to have made a valid finding regarding defendant's sentence at that point. Therefore, because of the nature and untimeliness of defendant's motion, the trial court's failure to assign the motion to another judge was not reversible error, nor do we find that defendant was prejudiced thereby.

■ Defendant next contends that the trial court's imposition of the maximum extended term of 10 years' imprisonment was so grossly disproportionate to the nature of the offense committed that it amounted to an abuse of discretion. The determination and imposition of a sentence is within the trial court's discretion and will be altered only where the trial judge abused his discretion. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344.) The Unified Code of Corrections gives wide discretion to sentencing judges in order to permit reasoned judgments as to the penalty appropriate to the particular circumstances of each case. (Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—1 *et seq.*; *People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344.) The judge must fashion a sentence which balances the need to protect society and to rehabilitate the offender. (88 Ill. 2d 482, 493, 431 N.E.2d 344.) The judge's sentencing determination depends on several factors, and, by presiding over the trial and sentenc-

ing hearing, he is in the best position to make these evaluations and determine the proper sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) Moreover, this appellate court does not serve as a sentencing court and will not substitute its judgment for the trial court's judgment merely because of a different attitude toward the balance of the appropriate factors. *People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541.

The record in the instant case clearly demonstrates that the trial court considered the proper criteria in sentencing defendant. Despite defendant's attempt to diminish the nature of his actions, the fact remains that defendant was found guilty of the battery of a police officer, thus constituting a conviction within 10 years of a same or greater felony (burglary and felony theft). Moreover, defendant's record reflected 20 years of criminal activity and delinquent conduct, during which time defendant had been afforded many opportunities for rehabilitation. At the sentencing hearing the trial court made reference to the testimony which attempted to explain defendant's behavior in psychological and sociological terms, but found that it was still necessary to impose the extended-term sentence to protect society. The nature of the crime, the protection of the public, deterrence and punishment have equal status with a defendant's character and rehabilitative potential in considering the appropriate sentence. (*People v. Watson* (1982), 107 Ill. App. 3d 691, 697, 438 N.E.2d 453.) The record reflects that the trial court explicitly weighed the sentence in terms of what was best for the defendant as opposed to the rights of individuals to feel secure in the community. We find, therefore, that the trial court did not abuse its discretion in sentencing defendant in the present case to the maximum 10-year term of imprisonment.

■ Next, defendant contends it was error for the trial court to refuse to consider defendant's motion to reduce or modify sentence, since the motion was filed within the 30-day statutory period although not scheduled for hearing until the expiration of the 30 days. In the present case, defendant was sentenced on August 1, 1983. On August 9, 1983, defense counsel filed a motion to vacate or modify sentence and, alternatively, for a new trial. Defendant concedes that the portion of the motion requesting a new trial was untimely because the 30-day period following the return of verdict, which is allowed for the filing of such a motion pursuant to the Code of Criminal Procedure of 1963, section 116—1 (Ill. Rev. Stat. 1983, ch. 38, par. 116—1), had already elapsed. Nevertheless, defendant still contends that he is entitled to a new trial because the untimeliness of the motion was due to the ineffectiveness of his trial attorney.

To prevail on a claim of ineffective assistance of counsel defendant must show: (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. (*People v. Barnard* (1984), 104 Ill. 2d 218, 237, 470 N.E.2d 1005; *Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) It is not enough that counsel's error had some conceivable effect on the outcome of the proceeding. On the other hand, the defendant need not show that counsel's deficient performance more likely than not altered the outcome of the case. (104 Ill. 2d 218, 237, 470 N.E.2d 1005.) He must show, however, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Barnard* (1984), 104 Ill. 2d 218, 237-38, 470 N.E.2d 1005; *Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.

In the present case, even assuming that defense counsel's failure to file a timely motion was incompetent, defendant has not established the substantial prejudice resulting from this alleged error. Although defense counsel's untimely motion for a new trial does allege that defendant was not proved guilty beyond a reasonable doubt, the evidence does not substantiate this allegation. Thus, the record fails to support the necessary finding that defense counsel's alleged incompetence affected the outcome of the trial or the length of the sentence.

However, the portion of defendant's motion requesting vacation or modification of the sentence was filed within the 30-day period following imposition of sentence. A hearing on post-trial motions was set for November 30, 1983. The record does not reveal why this late date was chosen.

Section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)) states:

> "The trial court may reduce or modify a sentence but shall not increase the length thereof by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose."

If section 5—8—1(c) is to be interpreted literally, as some Illinois courts have held, then the court's order of sentence vacation or modification would have had to be entered within the 30-day period, which had already elapsed when the November 30 date was set for hearing on the motion. (See *People v. Muellner* (1979), 70 Ill. App. 3d 671, 683, 388 N.E.2d 851.) If, however, only the filing of the motion requesting vacation or modification is required within the 30-day period,

a position also supported by some Illinois authority, then defendant's motion was timely and should have been heard. See *People v. Bodine* (1981), 97 Ill. App. 3d 42, 43, 422 N.E.2d 256.

■ By comparing section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 116—1) (motion for a new trial) and Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) (motion to withdraw guilty plea) with the statute in question, we find that a modification must be ruled upon as well as filed within 30 days of imposition of sentence. Section 116—1(b) clearly states that a written motion for a new trial shall be *filed* by the defendant within 30 days following the finding or return of the verdict. Similarly, Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) provides that the *filing* of a motion to withdraw the guilty plea within 30 days preserves the issues on appeal. Thus, it is clear that under section 116 and under Supreme Court Rule 604(d), it is the filing of the motion within 30 days which preserves a trial court's jurisdiction to consider the merits of the motion, regardless of when the hearing on the motion occurs. There is no requirement that a post-trial motion for a new trial be heard within the period it had to be filed. *People ex rel. Carey v. Forberg* (1975), 33 Ill. App. 3d 161, 337 N.E.2d 369.

■ In contrast to the above provisions, section 5—8—1(c) makes no reference to filing but explicitly states, "by order *entered* not later than 30 days from the date that sentence was imposed." (Emphasis added.) In construing a statute, the intent of the legislature should be ascertained and given effect. (*Illinois National Bank v. Chegin* (1966), 35 Ill. 2d 375, 378, 220 N.E.2d 226.) Legislative intent is ascertained primarily from a consideration of the statute's language. (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 503, 217 N.E.2d 73, *cert. denied* (1967), 385 U.S. 456, 17 L. Ed. 2d 509, 87 S. Ct. 612.) Words employed in the statute should be given their plain, ordinary, or commonly accepted meaning, unless to do so would defeat the legislative intent. (*People v. Fink* (1982), 91 Ill. 2d 237, 240, 437 N.E.2d 623.) If the legislative intent can be ascertained from the language of the statute, it must prevail and be given effect. (*General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 112, 338 N.E.2d 561.) Although penal statutes are to be strictly construed in favor of an accused, they must not be construed so rigidly so as to defeat the intent of the legislature. *People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31.

■■ We conclude, therefore, that the clear language of section 5—8—1(c), which makes no reference to filing but explicitly states, "by order *entered* not later than 30 days from the date that sentence was imposed" (emphasis added), requires a finding that a sentence

modification or vacation must be ruled upon, as well as filed, within 30 days of imposition of sentence. Thus, the trial court did not err in refusing to consider defendant's untimely motion to reduce or modify sentence. Furthermore, because defendant's sentence was not excessive and does not warrant modification, we conclude that defendant was not prejudiced by defense counsel's error in filing an untimely motion for a new trial or for failing to call up the motion for reducing or modifying sentence for disposition during the 30-day period subsequent to August 1, the date of defendant's sentencing. *People v. Barnard* (1984), 104 Ill. 2d 218, 470 N.E.2d 1005; *Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.

■ On June 5, 1984, this court ordered that defendant's motion for refund of his bail deposit in the circuit court be taken with the case. In his motion, defendant contends that pursuant to section 110—7(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—7(f)) he is entitled to refund of 90% of his bail security deposit. Defendant alleges that the circuit court clerk refused to release the deposit because the State's Attorney instructed him to hold the money so that a fund would be available from which to collect the State's Attorney's fees for defending the appeal in the event defendant's appeal was unsuccessful. Although the State concedes that it has no current right to refuse refund of the bond on this basis, it, nevertheless, contends that the amount requested should not be returned to defendant because he is currently indebted for costs of the judgment pursuant to the trial court proceedings. The State claims that these costs may be collected from defendant's posted bond money.

A review of the record reveals that there was no reference to costs at any point in the trial proceedings nor in any motion or order. At the end of the sentencing hearing, defendant was placed in the custody of the sheriff to be taken to the Department of Corrections. On December 1, 1983, defendant filed a motion for the setting of bail pending appeal. In response, by order of court, bond was set at $50,000 pending appeal. However, the State's answer to defendant's motion points out that defendant is currently serving the 10-year sentence, which would indicate that he did not submit the security fee for the $50,000 bond. Thus, the only source of compensation for costs and fees of judgment pursuant to the trial court proceedings, as well as the appellate proceedings, would be from defendant's already posted bond security money.

Section 180—3 of the criminal costs statute (Ill. Rev. Stat. 1983,

ch. 38, par. 180—3) states that when a person is convicted of an offense the court shall give judgment that the offender pay the costs of the prosecution. Although, as defendant points out, there is no specific reference in the trial court record as to costs, language in *People v. Castile* (1981), 87 Ill. 2d 73, 429 N.E.2d 495, seems to imply that the judgment of the trial court automatically includes the costs of those proceedings:

> "The judgment of the trial court includes the costs of those proceedings (Ill. Rev. Stat. 1979, ch. 38, par. 180—3), and they are necessarily incorporated into the judgment appealed from." 87 Ill. 2d 73, 76, 429 N.E.2d 495.

In *Castile*, the Illinois Supreme Court went on to conclude that when the appellate court enters a judgment in the cause which affirms the conviction, section 110—7(i) (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(i)) authorizes the bail deposit to be applied in part to the payment of the judgment and that judgment carries with it all costs accrued in the case. See *People v. Castile* (1981), 87 Ill. 2d 73, 76, 429 N.E.2d 495.

Applying the *Castile* court's holding that where costs have been taxed by a trial court the reviewing court may order them paid from a bail deposit in its custody, we find that in the present case the circuit court clerk's withholding of defendant's bail security until resolution of the appeal was not unlawful, because the appellate proceedings are part of the same cause. Although defendant states that the clerk specifically referred to withholding the cash for payment of possible State's Attorney's fees, those fees are among the costs to be incurred in appellate proceedings. Although such fees may be considered obsolete in view of present day procedures, they are still part of the body of the law of this State. See *People v. Nicholls* (1978), 71 Ill. 2d 166, 179, 374 N.E.2d 194.

For the reasons stated, the judgment of the circuit court of Carroll County is affirmed. The motion ordered taken with the case is denied.

Affirmed. Motion denied.

STROUSE and SCHNAKE, JJ., concur.