THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAWRENCE HICKEY, Defendant-Appellant.

Fourth District   No. 4—85—0357

Opinion filed November 26, 1985.

Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On January 15, 1985, defendant, Lawrence Hickey, entered a plea of guilty in the circuit court of Champaign County to the offense of driving under the influence of intoxicating liquor. (Ill. Rev. Stat. 1983, ch. 95½, par. 11–501(a).) A sentencing hearing was held on February 28, 1985. Defendant agreed to abide by a sentence of intensive probation should such a sentence be imposed. However, the court imposed a sentence of 120 days' imprisonment.

On March 25, 1985, defendant filed a motion requesting that his sentence be modified. He contended that work release or intensive probation would be a more effective sentence. On April 11, 1985, a hearing was held after which the court modified defendant's sentence by ordering that he serve 12 months of probation measured

from February 28, 1985. The probation was to be served under the court's Intensive Probation Services Program and was to include some incarceration as a condition of probation. The court reduced the length of imprisonment to be served from 120 to 110 days, of which 51 days were to be served as straight time. The order gave defendant credit on that time for the 44 days he had already served. Defendant was ordered to spend 59 more days in periodic imprisonment, whereby he would be released for work from 7 a.m. to 8 p.m. on Monday through Saturday of each week. Thereafter, he was to be subject to confinement in his home for 30 days subject to similar work release.

On April 12, 1985, defendant filed a petition requesting that his sentence be changed back to the original sentence of 120 days' imprisonment. At a hearing on April 17, 1985, he testified that he misunderstood the nature of the probation which he had agreed to serve and to which his sentence had been modified. The court denied the request, and defendant did not appeal from the sentence ultimately imposed.

On May 17, 1985, on petition of the State, the court revoked defendant's probation on grounds that he had reported to the correctional center while intoxicated. Abstinence from the drinking of intoxicants was a condition of probation. The court then sentenced defendant to 364 days of imprisonment with credit for time already served. Defendant has appealed, contending: (1) The trial court lacked authority to modify his original sentence; and (2) the revocation and subsequent sentence was an abuse of discretion. We affirm.

Section 5—8—1(c) of the Unified Code of Corrections states:

"The trial court may reduce or modify a sentence, but shall not increase the length thereof by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose." Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c).

■ The order modifying the sentence was entered within the time limits required by section 5—8—1(c). Although the order reducing the sentence was not entered within 30 days from the entry of the sentence, the filing of defendant's request for modification within the 30-day period tolled further running of that period until ruling was made on the motion. *People v. Bodine* (1981), 97 Ill. App. 3d 42, 43, 422 N.E.2d 256, 258; *People v. Hamilton* (1979), 78 Ill. App. 3d 1031, 1033-34, 398 N.E.2d 33, 36.

The time span of the probation covered a greater number of days than did the original sentence of imprisonment. However, the

lesser deprivation of liberty resulting from probation cannot be equated to the greater deprivation of liberty arising from imprisonment. (*People v. Bardens* (1946), 394 Ill. 511, 516-17, 68 N.E.2d 710, 713; *People v. Mowery* (1983), 116 Ill. App. 3d 695, 700, 452 N.E.2d 363, 367.) The length of the incarceration to which defendant was subjected was decreased by 10 days, and he was permitted to serve the incarceration under less severe circumstances.

In *People v. Miles* (1977), 53 Ill. App. 3d 137, 143, 368 N.E.2d 187, 191, the appellate court held that equal protection principles did not require the trial court to credit a probationer's sentence with pre-conviction custody time. Section 5—8—7(b) required such credit against terms of imprisonment. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—7(b).) The court discussed the inherent differences between incarceration and probation in determining that two distinct classes of individuals who were not similarly situated were involved. Thus, the disparate treatment given met equal protection requirements. The court noted that the principal and most obvious distinction between the two classes is the degree of freedom they enjoyed. The court then stated that probation is obviously a much milder form of punishment than imprisonment. See also Ill. Ann. Stat., ch. 38, par. 1005—8—1(d), Council Commentary, at 25 (Smith-Hurd 1982).

In *Jones v. Cunningham* (1963), 371 U.S. 236, 9 L. Ed. 2d 285, 83 S. Ct. 373, relied on by defendant, the court held that *habeas corpus* relief could be extended to a parolee. The court noted that the conditions of parole were a sufficient infringement on personal freedom for the statute to apply. It based its decision on the broad interpretation of *habeas corpus* relief at common law and the subsequently broad interpretation of the statute. The court did not equate imprisonment and parole.

■■ While the rigors of the Intensive Probation Supervision Program involved here were likely much more of a burden on a probationer than are the usual terms of probation, the record clearly shows that the infringements on freedom were much less than would occur under a term of incarceration. We hold that, because of the shortening of the length of imprisonment which defendant was required to undergo by the terms of the modified sentence, that sentence met the requirements of 5—8—1(c) even though the duration of the probation was for a longer period than the straight time imprisonment previously ordered.

■■ ■ Defendant did ask to have the modification of his sentence vacated on the basis that he misunderstood the terms. He did not appeal this ruling or the modified sentence imposed. The propriety

of the underlying sentence cannot usually be raised on appeal from an order revoking probation. (*In re T.E.* (1981), 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913; *People v. Hall* (1977), 55 Ill. App. 3d 341, 343, 371 N.E.2d 26, 27.) However, it can be raised if the court exceeded its authority on the first sentence. (*People v. Daugherty* (1982), 104 Ill. App. 3d 89, 92, 432 N.E.2d 391, 394.) As we have held that the modified sentence was not unauthorized under section 5—8—1(c), other claimed improprieties in the sentence cannot now be raised. Defendant asserts that the court should have adhered to his request to reinstate the original sentence. However, but not appealing the order modifying the original sentence, defendant has waived that question.

■ Defendant contends that the court abused its discretion in imposing a sentence of imprisonment, after revocation, of 364 days, which was greatly in excess of the 120 days originally ordered. However, this sentence was imposed after defendant had exhibited a lack of rehabilitative potential by his misconduct in reporting to the correctional center while intoxicated even though he was specifically ordered to refrain from the use of intoxicants. The existence of the additional misconduct met the prerequisite for a more severe sentence at resentencing as required by *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072. The sentence was within the statutory limit of one year for the offense for which defendant was convicted. The court has great discretion as to the severity of sentences. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Our affirmance is for the foregoing reasons.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.