(No. 62091.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. GARY L. CRETE, Appellant.

*Opinion filed June 20, 1986.—Rehearing denied September 26, 1986.*

SIMON, J., dissenting.

G. Joseph Weller, Deputy Defender, and Mary Kay Schick, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and James S. Williams, State's Attorney, of Mt. Carroll (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Judith H. Schlessinger, Assistant Attorneys General, of Springfield, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In a three-count information filed in the circuit court of Carroll County, defendant, Gary L. Crete, was charged with aggravated battery, resisting a peace officer, and criminal damage to property (Ill. Rev. Stat. 1983, ch. 38, pars. 12—4(b)(6), 31—1, 21—1(a)). Following a jury trial defendant was convicted and sentenced to 10 years' imprisonment for aggravated battery and 360 days for resisting a peace officer. He was found not guilty of criminal damage to property. The appellate court affirmed (133 Ill. App. 3d 24), and we allowed defendant's petition for leave to appeal (103 Ill. 2d R. 315(a)). The facts are adequately set forth in the opinion of the appellate court and will be restated here only to the extent necessary to discuss the issues.

On August 9, 1983, eight days after defendant was sentenced, his counsel filed a motion to vacate or modify sentence, and alternatively for a new trial. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—8—1(c), 116—1.) Subsequently, counsel filed an amended motion to vacate or modify the sentence, and alternatively, for a new trial, and defendant, *pro se*, filed a motion to disqualify the trial judge. The motions were set for hearing on November 30, 1983. The People moved to dismiss or deny the motions. The circuit court found that the motion to disqualify the trial judge and the alternative motion for new trial were not timely filed. Concerning the motion to reconsider the sentence, the court found that, although the motion was filed within 30 days of sentenc-

ing, an order reducing or modifying a sentence under the provisions of section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)) must also be entered within that time. Section 5—8—1(c) provides:

> "(c) The trial court may reduce or modify a sentence, but shall not increase the length thereof by order entered not later than 30 days from the date that sentence was imposed. This shall not enlarge the jurisdiction of the court for any other purpose."

In affirming, the appellate court relied on a literal interpretation of section 5—8—1(c) and concluded that its clear and explicit language required that an order reducing or modifying a sentence be entered within 30 days of imposition of sentence. 133 Ill. App. 3d 24, 32-33.

Defendant contends that the sentence should be vacated and the cause remanded for a hearing on his timely filed motion to reconsider. Citing *People v. Bodine* (1981), 97 Ill. App. 3d 42, *People v. Shook* (1980), 86 Ill. App. 3d 174, and *People v. Cornett* (1975), 29 Ill. App. 3d 244, he argues that the appellate and circuit courts erred in holding that the timely filing of his motion to reconsider was not sufficient, and that the order disposing of the motion must be entered within 30 days of the sentencing. Defendant argues alternatively that, should this court agree with the lower courts, the decision should be applied prospectively. He asserts that because he had relied on prior judicial opinions which held that the order need not be entered within 30 days from the sentencing date, retroactive application would be unconscionable. (*People v. Patton* (1974), 57 Ill. 2d 43.) Defendant argues, too, that the maximum extended-term sentence of 10 years' imprisonment imposed by the circuit court must be reduced because it is disproportionate to the nature of the offense of aggravated battery.

We consider first defendant's contention that because

his motion to reconsider the sentence pursuant to section 5—8—1(c) was filed within 30 days of sentencing, the circuit court retained jurisdiction to rule on the motion subsequent to the expiration of the 30-day period.

Although prior appeals to this court have involved section 5—8—1(c) (formerly section 5—8—1(d)), we have not previously considered the precise issue presented here. In *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, the court held that the stay of execution of a sentence did not toll the running of the 30-day period within which the trial court may modify the sentence. The opinion, however, indicates that the motion for reconsideration was filed more than 30 days after the imposition of sentence. In *People v. Hills* (1980), 78 Ill. 2d 500, the issue presented was not the reduction or modification of the sentence, but a change which effectively increased it.

The opinions of the appellate court (*People v. Hickey* (1985), 138 Ill. App. 3d 749; *People v. Bodine* (1981), 97 Ill. App. 3d 42; *People v. Shook* (1980), 86 Ill. App. 3d 174; *People v. Hamilton* (1979), 78 Ill. App. 3d 1031; *People v. Knowles* (1979), 76 Ill. App. 3d 1004; *People v. Muellner* (1979), 70 Ill. App. 3d 671; *People v. Cornett* (1975), 29 Ill. App. 3d 244) are not in agreement on the question. We perceive no benefit to be derived from a detailed discussion of the opinions, and it suffices to say that they range from the literal interpretation applied in this case to the unqualified statement that filing of the motion tolled the running of the statute until a ruling was made on the motion. (*People v. Hickey* (1985), 138 Ill. App. 3d 749.) The council commentary pertaining to section 5—8—1(d) (now subparagraph (c)) that "[s]ubparagraph (d) provides that the court may reduce the length of sentence any time within 30 days after the sentence is imposed" (Ill. Ann. Stat., ch. 38, par. 1005—8—1(d), Council Commentary, at 25 (Smith-Hurd 1973)) would appear to support the appellate court judgment here.

We have compared the provisions of section 5—8—1(c) with Rule 35(b) of the Federal Rules of Criminal Procedure (Fed. R. Crim. P. 35(b)), which, in pertinent part, provided:

> "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed * * *."

Rule 35, as limited by the provisions of Federal Rule of Criminal Procedure 45, has not been uniformly construed by the Federal circuits. In *United States v. Stollings* (4th Cir. 1975), 516 F.2d 1287, it was held that the district court did not lose jurisdiction to act upon a motion for reduction of sentence filed within the 120-day period for so long as the judge reasonably needed time to consider and act upon the motion. In *United States v. Kajevic* (7th Cir. 1983), 711 F.2d 767, the court reviewed the decisions of the other circuits and noted that in *United States v. Braasch* (7th Cir. 1976), 542 F.2d 442, the court had "treated the 120-day limitation as a limitation on the time for filing the motion rather than on the time for acting on it." (711 F.2d 767, 769.) The court decided *Kajevic* on another ground but pointed out that the literal application of Rule 35(b) would, contrary to *Braasch*, prohibit a district judge from acting on the motion subsequent to the expiration of 120 days after the imposition of sentence. We note that in 1985 Rule 35 was amended to substantially conform with the holding of *United States v. Stollings*. Fed. R. Crim. P. 35.

We have considered the questions whether section 5—8—1(c) may be construed as permissive rather than mandatory, and whether, if mandatory, it violates the constitutional provision for separation of powers. In *People v. Flores* (1984), 104 Ill. 2d 40, the court was required to construe section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 115—4.1) which, in pertinent part, provided that when, in a crimi-

nal trial, a defendant wilfully absents himself from court for a period of two successive court days, his absence does not operate as a bar to concluding the trial and the court shall proceed with the trial.

The court held that the provision was permissive and therefore valid. The court distinguished the statute there from statutes such as section 403(e) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)), which was held valid in *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, and section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5). The court concluded that if mandatory, the section under consideration would be invalid because it affected the judge's ability to control his docket.

We are of the opinion that the language of section 5—8—1(c) cannot be construed to be permissive, and we agree with the appellate court that the explicit provision that the reduction or modification shall be "by order entered not later than 30 days from the date that sentence was imposed" requires the finding that the motion must be ruled upon within 30 days of imposition of sentence. We hold, too, that the statute does not infringe upon the powers granted the judiciary and does not violate the constitutional provision for the separation of powers.

We reach the conclusion that the statute is mandatory with some reluctance. By enacting the legislation the General Assembly must have intended to provide a meaningful method by which the circuit court could review and, if deemed advisable, modify or reduce the sentence. Obviously there are reasons for the strict enforcement of the literal language of the statute in order to achieve finality of sentencing and to protect the courts from the filing of repetitive motions or motions which require the review of stale records. There are, however, the considerations of the many factors such as the need

for taking additional evidence, illness, involvement in trial, and vacations, which would prevent the disposition of the motion within the 30-day period.

The amendment of the statute is not the prerogative of this court. The language is clear and must be given its effect as written. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266; *People v. Robinson* (1982), 89 Ill. 2d 469, 475-76.) It is appropriate, however, to recommend that the General Assembly examine the statute and consider an amendment similar to that effected to the Speedy Trial Act by Public Act 79—842, approved September 8, 1975, or the amendment to Rule 35 of the Federal Rules of Criminal Procedure effected in 1985.

Concerning defendant's argument that our decision should not be applied retroactively, we do not agree that this constitutes a change in the law (see *People v. Britz* (1986), 112 Ill. 2d 314) which warrants our holding that the decision be applied prospectively. Furthermore, in view of our holding that the circuit court did not abuse its discretion in the imposition of the sentence, a hearing on the motion would be meaningless.

Defendant contends that the circuit court abused its discretion in sentencing him to the maximum extended term of 10 years for aggravated battery. Defendant argues that because the actual harm to the complainant police officer was minimal, the sentence imposed was not proportionate to the offense nor consistent with the objective of restoring him to useful citizenship, as is required by the Illinois Constitution (Ill. Const. 1970, art. I, sec. 11; *People v. Dimond* (1977), 54 Ill. App. 3d 1036, 1038). Defendant argues, too, that several mitigating factors presented at trial support a reduction of his sentence. Defendant points out that he had been drinking on the evening the offense took place, that the entire episode escalated from a domestic dispute between defendant and his wife, and that defendant, who had suffered a

severe asthmatic condition since childhood, was severely maced by the police officers immediately before the kicking took place.

As the appellate court noted, the determination and imposition of sentence are within the circuit court's discretion and a reviewing court may not substitute its judgment for that of the trial court absent an abuse of discretion. (*People v. La Pointe* (1981), 88 Ill. 2d 482; *People v. Cox* (1980), 82 Ill. 2d 268.) Under the Unified Code of Corrections, sentencing judges are given wide latitude to determine the appropriate punishment to impose given the particular circumstances of each case. (Ill. Rev. Stat. 1985, ch. 38, par. 1001—1—1 *et seq.*; *People v. La Pointe* (1981), 88 Ill. 2d 482.) In determining what sentence to impose, the court looks at several criteria, including the nature of the crime, the need to protect society, and the rehabilitative potential of the defendant. (*People v. La Pointe* (1981), 88 Ill. 2d 482.) It is the trial judge who also presides over the sentencing hearing who is in the best position to evaluate these criteria and determine the proper sentence. *People v. Perruquet* (1977), 68 Ill. 2d 149.

The record shows that the court considered the proper criteria in sentencing defendant, and defendant has presented no persuasive reasons why we should overrule the discretionary ruling of the circuit court. The appellate court said:

> "[T]he fact remains that defendant was found guilty of the battery of a police officer, thus constituting a conviction within 10 years of a same or greater felony (burglary and felony theft). Moreover, defendant's record reflected 20 years of criminal activity and delinquent conduct, during which time defendant had been afforded many opportunities for rehabilitation. At the sentencing hearing the trial court made reference to the testimony which attempted to explain defendant's behavior in psychological and sociological terms, but found that it was still neces-

sary to impose the extended-term sentence to protect society. The nature of the crime, the protection of the public, deterrence and punishment have equal status with a defendant's character and rehabilitative potential in considering the appropriate sentence. (*People v. Watson* (1982), 107 Ill. App. 3d 691, 697, 438 N.E.2d 453.) The record reflects that the trial court explicitly weighed the sentence in terms of what was best for the defendant as opposed to the rights of individuals to feel secure in the community. We find, therefore, that the trial court did not abuse its discretion in sentencing defendant in the present case to the maximum 10-year term of imprisonment." (133 Ill. App. 3d 24, 30.)

We agree.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

The majority concludes "with some reluctance" (113 Ill. 2d at 162) that the statute at issue here requires not only the filing of a motion to reduce or modify a sentence within 30 days, but also a ruling on that motion in the same time period. The rationale offered is the oft-repeated maxim that clear statutory language must be given effect. However, the majority chooses to ignore its opposite number (see K. Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to be Construed,* 3 Vand. L. Rev. 395, 403 (1950)), which is also frequently relied upon by this court, that the court is obligated to interpret a statute so that it will not yield an absurd or unjust result. See, *e.g., People v. Steppan* (1985), 105 Ill. 2d 310; *Illinois Chiropractic Society v. Giello* (1960), 18 Ill. 2d 306, 312.

I cannot believe that the legislature intended the exercise of the statutory right to seek reduction or modifi-

cation of a sentence to be subject to forces wholly beyond the defendant's control. What the majority's interpretation gives us is a kind of roulette justice under which a defendant who moves promptly to modify or reduce the sentence may or may not have his motion considered depending on the vagaries of the court's docket, the administrative efficiency of court personnel, "the need for taking additional evidence, illness, involvement in trial, and vacations" (see 113 Ill. 2d at 162-63), and whether or not the sentencing judge gets around to ruling on the motion. If any of these variables results in a ruling by the court more than 30 days after sentencing, the majority's view is that the defendant is simply out of luck. This is plainly arbitrary and unjust, and such a reading of the statute should be avoided.

The court hypothesizes two legitimate interests served by its reading of the statute: "finality of sentencing and [protection of] the courts from the filing of repetitive motions or motions which require the review of stale records." (113 Ill. 2d at 162.) As to finality, the legislature obviously recognized the existence of competing values by enacting a procedure for challenging a sentence in the first place. Moreover, the command that the trial judge rule on such a motion within 30 days can hardly be said to advance finality materially when the defendant has an appeal as of right which stays the finality of the sentence. The second asserted interest, protecting the courts from filing of repetitive or stale motions, would be served just as well if the statute were interpreted to mean that filing a motion within 30 days of sentencing tolls the running of the time period for the purpose of decision. Under this construction, any action by the defendant would have to come within 30 days of sentencing, obviating the possibility of repetitive or stale motions.

Although referred to by the majority, the Federal

courts' experience with Federal Rule of Criminal Procedure 35 actually undercuts the majority's reading of section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)). Under the previous version of the Federal rule, it provided in pertinent part that "[t]he court may reduce a sentence within 120 days after the sentence is imposed." (18 U.S.C.A. Fed. R. Crim. P. 35 (1976).) The literal language of prior Rule 35, like that of section 5—8—1(c) here, thus appeared to impose a time limit on the court instead of on the defendant. In interpreting this rule, however, the Federal courts held that it required only *filing* of the defendant's motion within the period. (See, *e.g.*, *United States v. DeMier* (8th Cir. 1982), 671 F.2d 1200; *United States v. Smith* (9th Cir. 1981), 650 F.2d 206; *United States v. Mendoza* (5th Cir. 1978), 581 F.2d 89; *United States v. Braasch* (7th Cir. 1976), 542 F.2d 442; *United States v. Stollings* (4th Cir. 1975), 516 F.2d 1287; *cf. United States v. Kajevic* (7th Cir. 1983), 711 F.2d 767 (*dictum* expressing doubts about this line of authority).) In 1985 the rule was amended to provide that a "motion to reduce a sentence may be made *** within 120 days after the sentence is imposed." (Fed. R. Crim. P. 35(b).) This change "was deemed desirable to remove any doubt" that the time limit was one on filing a motion for reduction and was not jurisdictional. Fed. R. Crim. P. 35(b), Advisory Committee Note to 1985 Amendment.

While legislative action to amend the statute, suggested by the majority, might be similarly desirable in order to expunge any doubt about the meaning of section 5—8—1(c), the great weight of Federal authority under the prior version of Rule 35 demonstrates that it is quite appropriate for the court to read the 30-day time limit here as a deadline for filing the motion.

Finally, the court's interpretation of the statute may raise a substantial constitutional problem. Where the leg-

islature has created a liberty or property interest, a person may not be arbitrarily deprived of that interest. (*Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148.) In *Logan*, the Illinois Fair Employment Practices Commission dismissed the petitioner's timely filed employment-discrimination claim because the Commission had inadvertently failed to convene a hearing on the complaint within the 120-day period mandated by the statute. Noting that the petitioner was deprived of his claim in a "random manner" (455 U.S. 422, 434, 71 L. Ed. 2d 265, 277, 102 S. Ct. 1148, 1157) for reasons beyond his control (455 U.S. 422, 424, 71 L. Ed. 2d 265, 270, 102 S. Ct. 1148, 1151), the Supreme Court held that he had been denied due process. Under the court's decision in this case a similar denial of due process would occur: persons with a statutorily created liberty interest in seeking reduction or modification of their sentences may be arbitrarily deprived of this right for reasons also beyond their control. Our duty to construe statutes so as to avoid constitutional infirmities (*People v. Davis* (1982), 93 Ill. 2d 155, 161) leads me to conclude that the majority's reading of this statute is not acceptable.