THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL A. CLARK, Defendant-Appellant.
Fourth District   No. 4—89—0282

Opinion filed March 29, 1990.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's
Office, of Springfield, for appellant.

John B. Huschen, State's Attorney, of Eureka (Kenneth R. Boyle,
Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate
Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the
court:
Defendant Michael A. Clark appeals from the sentence entered

upon his negotiated plea of guilty to a felony offense. We vacate the sentence imposed and remand.

On December 22, 1988, pursuant to a plea agreement, defendant pleaded guilty to the offense of communicating with a witness (Ill. Rev. Stat. 1987, ch. 38, par. 32—4(b)), a Class 4 felony. The Woodford County circuit court accepted the plea of defendant and entered a judgment of conviction on the charged offense. The circuit court later sentenced defendant to a nine-month term of imprisonment with a 13-day credit for time served on February 2, 1988.

On February 14, 1989, defendant filed a motion to reconsider the sentence imposed on judgment of conviction. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—1(a)(7), (c).) The sentence was invalid because the minimum sentence of imprisonment for a Class 4 felony is one year. The circuit court granted the motion and resentenced defendant to a 30-month term of conditional discharge with a 38-day credit for time served on March 2, 1989. The circuit court also ordered defendant to serve an eight-month term of periodic imprisonment. The defendant was to be released for 12 hours on May 14, 1989, and then return to jail. He was also to be released for the final 45 days of the sentence.

On March 9, 1989, defendant filed another motion to reconsider the modified sentence imposed on judgment of conviction. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(7).) The motion alleged the sentence effected an improper increase in punishment. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c).) The circuit court denied that motion on March 20, 1989.

On April 3, 1989, defendant filed a timely notice of appeal in the action. The defendant was admitted to bond pending appeal. The sole issue on review is whether the circuit court imposed an improper sentence against defendant on the judgment of conviction.

■■ The determination and imposition of sentence on a criminal defendant is a matter resting in the sound discretion of the circuit court. Absent an abuse of discretion, the determination of the circuit court will not be altered on review. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■■ The provisions of the Unified Code of Corrections must be read in an interrelated fashion. (*People v. McMullen* (1980), 88 Ill. App. 3d 611, 615, 410 N.E.2d 1174, 1177.) The charged offense, communicating with a witness, is a Class 4 felony. (Ill. Rev. Stat. 1987, ch. 38, par. 32—4(b).) The circuit court is authorized to sentence defendant to a term of conditional discharge not to exceed 30 months on that offense. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3(b)(3), 1005—6—2(b)(2).) The circuit court is further authorized to combine that sen-

tence with up to an 18-month term of periodic imprisonment. (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—6—3(b)(1), 1005—7—1(d).) Such a combined sentence is improper, however, where the circuit court has additionally ordered defendant to serve a sentence of straight imprisonment in excess of 90 days. Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—1(c).

Defendant was to begin his incarceration on March 2, 1989. He would serve in excess of 70 days until May 14 and then be released for 12 hours. He would then return to jail and be incarcerated for over 120 days from May 15 until September 18. He would then be released for the last 45 days of his term, which would expire on November 2, 1989. Because the trial court granted credit for 38 days already served in custody, the defendant would actually be released in early August.

We do not believe the eight-month term imposed in this action can be logically construed as periodic imprisonment under the prescribed statutory provisions. (See *People v. Shook* (1980), 86 Ill. App. 3d 174, 407 N.E.2d 976.) Despite the label attached to its disposition, the circuit court actually sentenced defendant to an excessive term of straight imprisonment. First, the circuit court did not structure any periodic releases into the prison term other than the single 12-hour period of release. (See Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—1(a).) Second, the circuit court did not disclose any purpose that disposition would permit defendant to serve. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—7—1(b).

■ While defendant would not serve more than 90 days of straight imprisonment, he would serve over 150 days of incarceration with only a 12-hour release. That release would serve no purpose other than to break up the imprisonment. In these circumstances, the circuit court imposed an improper sentence on the judgment of conviction. See *People v. Evans* (1984), 124 Ill. App. 3d 634, 464 N.E.2d 1083.

We need not consider whether the modified sentence imposed against defendant was an improper increase in punishment. Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c); see also *People v. Hickey* (1985), 138 Ill. App. 3d 749, 486 N.E.2d 372.

We affirm the conviction, but vacate the periodic imprisonment term from the conditional discharge order and remand the action for resentencing.

Affirmed in part; vacated in part, and remanded.

SPITZ and STEIGMANN, JJ., concur.