THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MAURICE HARPER, Defendant-Appellant.

Fifth District   No. 5—03—0086

Opinion filed March 26, 2004.

Paul Christenson, of Murphysboro, for appellant.

Michael Louis Wepsiec, State's Attorney, of Murphysboro (Norbert J. Goetten, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The defendant, Maurice Harper, was convicted of first-degree murder, after a bench trial in the circuit court of Jackson County. The defendant's appeal raises issues of whether the trial court erred in striking the defendant's motion to reconsider his posttrial motion. We reverse and remand.

The defendant and Daron Woods were both charged by information with the murder of Kenji Tipton. A public defender was appointed to represent the defendant. Before the trial, private counsel was substituted.

The defendant waived his right to a jury. On September 26, 2002, a one-day bench trial was held. Woods was tried separately at a later date. The State presented several witnesses who suggested that the defendant had provided Woods with a gun to shoot Tipton. The defendant was found guilty of first-degree murder.

The following day, while still represented by private counsel, the defendant filed a motion for a new trial. In the motion, the defendant contended that the State had failed to disclose an anonymous telephone call made by a witness, who later identified himself and testified at the trial. Attached to the motion was a petition. The attachment addressed issues not argued in the motion. The attachment asserted that the witnesses for the State were biased, and it identified several people who were willing to testify on behalf of the defendant but were not called upon. Attached to the petition were more than 100 purported signatures.

On October 23, 2002, the court entered an order denying the motion for a new trial. The court based its decision on the rationale that there is no requirement that all oral statements, such as the anonymous phone call, be reduced to writing.

On November 25, 2002, attorney Paul Christenson moved for leave to substitute himself as counsel for the defendant and moved for a continuance of the sentencing hearing scheduled for the next day. The court granted both requests.

On December 31, 2002, the defendant filed what was titled a motion to reconsider the motion for a new trial. The motion contended that new evidence and new occurrence witnesses had been discovered. Attached to the motion were the affidavits of 12 individuals. The affidavits indicated that Woods' girlfriend, Carla Felten, had brought the handgun to Woods. Also attached was a police report from the Murphysboro police department regarding the questioning of Felten about her possible involvement. Several affidavits suggested that one of the State's key witnesses had a history of personal animosity toward the defendant. The new motion also alleged that defense counsel had

ignored the defendant's request to testify in his own defense. The defendant submitted an affidavit to that effect.

On January 2, 2003, the motion to reconsider proceeded to a hearing. The State moved to strike the motion. The court found the motion to be untimely. The court stated:

"The *** [m]otion for [n]ew [t]rial attempted to bootstrap new arguments onto the old motion. Unfortunately, the [c]ourt feels that that cannot be done. I believe that Mr. Christenson[—]by the time he got into this matter, the time had already run for the filing of the motions for new trial and that, therefore, the People's motion to strike the [m]otion to [r]econsider is granted and that the motion is struck [sic] from the record."

The court granted the defendant's request that the motion remain in the record for the purposes of appeal.

■ The court then conducted a sentencing hearing. The defendant was sentenced to 25 years in the Department of Corrections. The defendant appeals.

Section 116—1 of the Code of Criminal Procedure of 1963 (Code) provides the requirements for filing a motion for a new trial:

"§ 116—1. Motion for New Trial. (a) Following a verdict or finding of guilty the court may grant the defendant a new trial.

(b) A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be served upon the State.

(c) The motion for a new trial shall specify the grounds therefor." 725 ILCS 5/116—1 (West 2002).

The filing of a motion for a new trial within 30 days preserves the trial court's jurisdiction until a hearing can be held on the merits of the motion. *People v. Crete*, 133 Ill. App. 3d 24, 32, 478 N.E.2d 846, 851-52 (1985), *aff'd on other grounds*, 113 Ill. 2d 156, 497 N.E.2d 751 (1986).

Although the defendant captioned the motion at issue on appeal as a motion to reconsider, the motion was actually a second motion for a new trial. The defendant's first motion for a new trial addressed whether the State incorrectly withheld information regarding an anonymous tip. The motion to reconsider did not address this issue. Instead, the new motion presented several affidavits regarding the culpability of the alleged shooter's girlfriend. At the oral argument on this appeal, the defendant's new counsel frankly, and wisely, admitted that titling the new motion a "motion to reconsider" was actually an attempt to present additional issues to the judge.

The State points to several cases where the time limitation of 30 days specified in the Code was found to be mandatory, not directory.

See *People v. Barry*, 202 Ill. App. 3d 212, 215, 559 N.E.2d 919, 921 (1990); *People v. Dzielski*, 130 Ill. App. 2d 581, 586, 264 N.E.2d 426, 429 (1970); *People v. Anderson*, 65 Ill. App. 3d 783, 789, 382 N.E.2d 866, 871 (1978). In these cases, however, the motion for a new trial was heard after a sentence had been entered. *Barry*, 202 Ill. App. 3d at 215, 559 N.E.2d at 921; *Dzielski*, 130 Ill. App. 2d at 586, 264 N.E.2d at 429; *Anderson*, 65 Ill. App. 3d at 789, 382 N.E.2d at 871. The State also points out that this case does not fit within the category of "revestment" because the State objected to the new motion. See *People v. Hubbard*, 170 Ill. App. 3d 572, 576, 524 N.E.2d 1263, 1265-66 (1988) (discussing revestment when a trial court perpetuates a jurisdictional error).

■ The trial court has the discretion to deny leave to file a motion for a new trial that is presented outside the time parameters of the Code. See *People v. Miles*, 188 Ill. App. 3d 471, 481, 544 N.E.2d 986, 993 (1989). A closer look at the decision of the trial court, however, reveals that this was not an exercise in discretion. The trial court struck the defendant's motion on the assumption that it no longer had jurisdiction.

This assumption was incorrect. A trial court has discretion to grant a new trial until the time of sentencing. *People v. Talach*, 114 Ill. App. 3d 813, 818, 448 N.E.2d 638, 642 (1983). In *Talach*, the appellate court addressed the issues filed in a posttrial motion filed after the 30-day period but before the imposition of a sentence. The court stated:

> "Sections 116—1 and 116—2 provide for a fair and orderly procedure by which post[ ]trial motions in criminal cases must be filed in the trial court within 30 days following the entry of a finding or the return of a verdict. [Citation.] Although it has been held that the limitation as to time is mandatory [citations], and that such motions not timely filed are properly denied [citations], the time limitation applies to the defendant. The trial court still retains jurisdiction after 30 days from the entry of the verdict because the final judgment in a criminal case is the pronouncement of sentence. [Citation.]
>
> Thus, there is no jurisdictional bar to a trial court entertaining a post[ ]trial motion not timely filed within 30 days as prescribed in sections 116—1 and 116—2, but prior to imposition of sentence." *Talach*, 114 Ill. App. 3d at 818, 448 N.E.2d at 642.

The State contends that *Talach* is distinguishable and unique. In *Talach*, the appellate court pointed out that defense counsel may have been confused because the trial court had initially stated that the defendant could present motions on the same date as the sentencing

hearings and later struck the motions on the ground that it had no authority to extend the time for filing beyond the 30-day limit. *Talach*, 114 Ill. App. 3d at 818, 448 N.E.2d at 642.

This distinction is irrelevant to our disposition. The participation of the trial court in causing delay had no effect on the question of whether it retained jurisdiction. See *Hubbard*, 170 Ill. App. 3d 572, 524 N.E.2d 1263 (distinguishing situations where the trial court retains jurisdiction before sentencing from cases where jurisdiction is revested in the trial court after sentencing because of the trial court's culpability in causing delay). The trial court retained jurisdiction until sentencing even if it played no role in the defendant's delay in filing the motion. *Talach*, 114 Ill. App. 3d at 818, 448 N.E.2d at 642.

The trial court's actions in *Talach* could be seen as playing a primary role in the appellate court's determination to address the merits of the petition. The question of whether an appellate court should exercise its power to review the substance of a posttrial motion is separate from the question of whether the trial court retained jurisdiction to grant a new trial. Arguably, the action of a trial court in misleading a party to file a late pleading could possibly influence an appellate court's decision to review the substantive issues raised in the pleadings.

We need not examine *Talach* on the question of whether to review the substance of the defendant's new motion. Given the circumstances of our case, we believe that the trial court is in a better position to determine the merits of the defendant's new claim. Our disposition makes no comment on the substance of the defendant's motion.

■ The State suggests that the defendant was not prejudiced by the striking of his motion because he would still have the opportunity for either postjudgment or postconviction review. See 735 ILCS 5/2—1401 (West 2002); 725 ILCS 5/122—1 *et seq.* (West 2002). This assertion ignores the fact that the safeguards against frivolous petitions may create additional obstacles on the road to reaching a just decision in this case. Giving the trial court discretion to entertain a motion for a new trial when the court retains jurisdiction on other grounds is in line with the purpose of the Code to provide an orderly process for the review of claims that alleviates delay and expense to the judicial system. See *People v. Harrawood*, 66 Ill. App. 3d 163, 166, 383 N.E.2d 707, 709 (1978). The trial court judge is also in the best position to evaluate the merits of the defendant's motion.

Accordingly, the order of the circuit court striking the defendant's motion is hereby reversed, and the matter is remanded.

Reversed; cause remanded.

HOPKINS and DONOVAN, JJ., concur.