# Illinois Official Reports

## Appellate Court

---

### *People v. Merriweather*, 2017 IL App (4th) 150407

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BYRON MERRIWEATHER, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-15-0407 |
| Filed | June 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 04-CF-840; the Hon. Robert L. Freitag, Judge, presiding. |
| Judgment | Vacated; cause remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Amanda S. Kimmel, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Allison Paige Brooks, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.<br>Justices Pope and Knecht concurred in the judgment and opinion. |

**OPINION**

¶ 1   In February 2006, a jury found defendant, Byron J. Merriweather, guilty of first degree murder. In May 2006, the trial court sentenced him to 70 years in prison. On direct appeal, this court affirmed his conviction. In December 2008, defendant filed a *pro se* postconviction petition, which the trial court dismissed as frivolous and patently without merit. This court affirmed. In February 2013, defendant filed a *pro se* motion for leave to file a successive postconviction petition, which the trial court denied in March 2015.

¶ 2   On appeal, defendant argues (1) this court should vacate his *de facto* life sentence and remand for resentencing and (2) the trial court erred in denying him leave to file a successive postconviction petition. We vacate the trial court's judgment and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4   Because the parties are familiar with the facts of this case, as they were set forth in detail in our initial Rule 23 order, we will only lay out those facts necessary to address the issues in this appeal.

¶ 5   In September 2004, a grand jury indicted defendant on the offense of first degree murder (720 ILCS 5/9-1(a)(1) (West 2002)) in connection with the shooting death of Steven McDade in June 2003. Defendant was born in June 1985, and at the time of the shooting, he was 17 years old. In February 2006, a jury found defendant guilty. In May 2006, the trial court sentenced him to 70 years in prison, which included a 45-year term plus an automatic 25-year firearm enhancement.

¶ 6   On direct appeal, defendant argued (1) the evidence was insufficient to convict him because the witnesses against him were not credible, (2) the trial court erred in allowing the jury to hear about his juvenile record, (3) the court denied his right to a fair trial when the State presented a large amount of evidence alleging he committed other uncharged and gang-related acts, and (4) he received ineffective assistance of counsel. This court affirmed defendant's conviction and sentence. *People v. Merriweather*, No. 4-06-0847 (2008) (unpublished order under Supreme Court Rule 23).

¶ 7   In December 2008, defendant filed a *pro se* petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-8 (West 2008)). Defendant alleged he received ineffective assistance of counsel when counsel failed to locate, interview, subpoena, and call to testify Paul Martin, Vincent Smith, Latonya Hamilton, Troy Wells, Franchise Poston, and Valentino Merriweather, all of whom could have contradicted the State's evidence or provided exonerating testimony. Defendant claimed Merriweather and Martin would have testified he was not the shooter. Poston allegedly would have testified his daughter, Sevon Poston, was out of town at the time of the incident and could not have witnessed the shooting. Wells would have testified defendant was not at the park at the time of the shooting, so Yolanda Roberts could not have seen him exit Chester Hoskins's vehicle. Finally, defendant claimed Hamilton would have testified she went to the park with Roberts and did not tell her defendant was the shooter. Defendant alleged trial counsel was ineffective for failing to move to suppress evidence gained through the use of an eavesdropping device and for not presenting evidence of another viable suspect. Defendant also alleged appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness.

¶ 8    In February 2009, the trial court dismissed the petition, finding it frivolous and patently without merit. On appeal, this court affirmed, with one justice dissenting. *People v. Merriweather*, No. 4-09-0160 (2010) (unpublished order under Supreme Court Rule 23).

¶ 9    In February 2013, defendant filed a *pro se* motion for leave to file a successive postconviction petition, stating a claim of actual innocence based on newly discovered evidence. Defendant attached the affidavits of Tommie Slayton, Valentino Merriweather, Miriah Davidson, and Bertram Givan. Each affidavit stated Troy Wells shot and killed McDade.

¶ 10    In February 2014, defendant filed a *pro se* motion to supplement the record, which included an affidavit from Rashon Pike. Therein, Pike stated he saw "T-Y" pull out a gun and shoot a man. The next morning, Pike left for Chicago, and he had not returned to Bloomington since the incident. Pike stated he came into contact with defendant in Menard Correctional Center and learned defendant was incarcerated for the park shooting.

¶ 11    In March 2015, the trial court denied the motion for leave to file a successive postconviction petition. The court found the existence of Slayton, Merriweather, Davidson, and Givan as potential witnesses was not newly discovered. The court noted Slayton, Merriweather, and Givan each alleged they were with defendant in the park at the time of the shooting and Davidson was known to defendant prior to trial. The court found defendant "offered no explanation as to how, with due diligence, he could not have not developed or discovered the testimony of these four individuals prior to trial." This appeal followed.

¶ 12                                    II. ANALYSIS
¶ 13                                 A. Defendant's Sentence
¶ 14    Defendant argues his 70-year sentence is a *de facto* life sentence and unconstitutional as applied to him, relying in part on *Miller v. Alabama*, 567 U.S. 460, 465 (2012), which held a mandatory life sentence without parole for juvenile offenders violated the eighth amendment's prohibition of cruel and unusual punishments. Relying on *People v. Thompson*, 2015 IL 118151, 43 N.E.3d 984, however, the State argues defendant may not raise an as-applied constitutional challenge to his sentence for the first time on appeal from the denial of leave to file a successive postconviction petition. We agree with the State and find this issue forfeited.

¶ 15    In *Thompson*, 2015 IL 118151, ¶ 7, 43 N.E.3d 984, the trial court found defendant, 19 at the time of the crime, guilty of first degree murder and sentenced him to natural life in prison. Years later and after several appeals, the defendant raised an as-applied constitutional challenge to his sentence for the first time on appeal following the denial of his section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2010)). *Thompson*, 2015 IL 118151, ¶¶ 15-17, 43 N.E.3d 984. The defendant argued his claim was not subject to the traditional forfeiture rule because it rendered the judgment void. *Thompson*, 2015 IL 118151, ¶ 17, 43 N.E.3d 984.

¶ 16    Our supreme court disagreed, finding judgments void only where jurisdiction is lacking or where the judgment is based on a facially unconstitutional statute, making it void *ab initio*. *Thompson*, 2015 IL 118151, ¶¶ 31-32, 34, 43 N.E.3d 984. The court distinguished facial challenges from as-applied challenges, finding the latter "is dependent on the particular circumstances and facts of the individual defendant or petitioner. Therefore, it is paramount that the record be sufficiently developed in terms of those facts and circumstances for purposes

of appellate review." *Thompson*, 2015 IL 118151, ¶ 37, 43 N.E.3d 984. The supreme court found "the trial court is the most appropriate tribunal for the type of factual development necessary to adequately address defendant's as-applied challenge in this case." *Thompson*, 2015 IL 118151, ¶ 38, 43 N.E.3d 984. Thus, the court concluded the defendant forfeited his as-applied challenge to his sentence by raising it for the first time on appeal. *Thompson*, 2015 IL 118151, ¶ 39, 43 N.E.3d 984.

¶ 17    The supreme court also found the defendant's reliance on *People v. Luciano*, 2013 IL App (2d) 110792, 988 N.E.2d 943, and *People v. Morfin*, 2012 IL App (1st) 103568, 981 N.E.2d 1010, to be misplaced because those cases involved defendants who were sentenced to mandatory natural life in prison based on the commission of murders committed when the minors were under the age of 18. *Thompson*, 2015 IL 118151, ¶ 41, 43 N.E.3d 984. The court pointed out the appellate courts in those cases found *Miller* should be applied retroactively and remanded for a new sentencing hearing. *Thompson*, 2015 IL 118151, ¶ 41, 43 N.E.3d 984.

¶ 18    Defendant relies on *People v. Nieto*, 2016 IL App (1st) 121604, ¶ 35, 52 N.E.3d 442, which found, "[w]hen considered as a whole, *Thompson* implies that courts must overlook forfeiture and review juveniles' as-applied eighth amendment challenges under *Miller*, notwithstanding the general rule prohibiting as-applied challenges raised for the first time on appeal." We disagree with the First District's reading of *Thompson*. The supreme court in *Thompson* found the holdings of *Morfin* and *Luciano* to be consistent with its decision in *People v. Davis*, 2014 IL 115595, 6 N.E.3d 709, on the issue of retroactivity. *Thompson*, 2015 IL 118151, ¶ 42, 43 N.E.3d 984. However, the focus of the defendants being minors in *Morfin* and *Luciano* did not affect *Thompson*'s central holding that as-applied constitutional challenges may be forfeited if raised for the first time on appeal. It would be inconsistent for the supreme court to note the need for a sufficiently developed record in adult cases involving as-applied constitutional challenges, but not in cases brought by juvenile defendants. We decline to follow *Nieto*. Instead, we find defendant forfeited his as-applied challenge to his sentence under *Miller* by raising it for the first time on appeal.

¶ 19    We note the United States Supreme Court has found "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." *Montgomery v. Louisiana*, 577 U.S. ___, ___, 136 S. Ct. 718, 729 (2016). Our supreme court has found *Miller* created a new substantive rule that must be applied retroactively. *Davis*, 2014 IL 115595, ¶¶ 34, 38, 6 N.E.3d 709. However, the court has also stated if a new rule qualifies as a substantive rule, "then defendants whose convictions are final may seek the benefit of that rule through appropriate collateral proceedings." *People v. Price*, 2016 IL 118613, ¶ 32; see also *Montgomery*, 577 U.S. at ___, 136 S. Ct. at 732 (noting a state may not deny a constitutional right in collateral proceedings, "assuming the claim is properly presented in the case"). In this case, that appropriate collateral proceeding is a successive postconviction petition. Thus, to raise his claim through a successive postconviction petition, defendant must obtain leave from the trial court. 725 ILCS 5/122-1(f) (West 2016). We note the arguments defendant has advanced for the first time on appeal may well convince the trial court to grant defendant such leave.

¶ 20                              B. Successive Postconviction Petition

¶ 21        Defendant argues the trial court should have granted his motion for leave to file a successive postconviction petition, which raised a colorable claim of actual innocence supported by a newly discovered affidavit. We find remand to the trial court is required.

¶ 22        The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). Relief under the Act is only available for constitutional deprivations that occurred at the defendant's original trial. *People v. Guerrero*, 2012 IL 112020, ¶ 14, 963 N.E.2d 909.

¶ 23        Consistent with the above principles, the "Act generally contemplates the filing of only one postconviction petition." *People v. Ortiz*, 235 Ill. 2d 319, 328, 919 N.E.2d 941, 947 (2009). The Act expressly provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2016); see also *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620-21 (2002) (stating "the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute"). "[A] defendant faces immense procedural default hurdles when bringing a successive postconviction petition," which "are lowered only in very limited circumstances" as successive petitions "impede the finality of criminal litigation." *Davis*, 2014 IL 115595, ¶ 14, 6 N.E.3d 709.

¶ 24        A successive postconviction petition may only be filed if leave of court is granted. 725 ILCS 5/122-1(f) (West 2016). To that end, section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2016)) provides, in part, as follows:

> "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *Davis*, 2014 IL 115595, ¶ 14, 6 N.E.3d 709. In determining whether a defendant has established cause and prejudice, the trial court may review the " 'contents of the petition submitted.' " *People v. Gutierrez*, 2011 IL App (1st) 093499, ¶ 12, 954 N.E.2d 365 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 162, 923 N.E.2d 728, 735 (2010)). "Where a defendant fails to first satisfy the requirements under section 122-1(f), a reviewing court does not reach the merits or consider whether his successive postconviction petition states the gist of a constitutional claim." *People v. Welch*, 392 Ill. App. 3d 948, 955, 912 N.E.2d 756, 762 (2009).

¶ 25        Even if defendant is unable to show cause and prejudice, the " 'failure to raise a claim in an earlier petition will be excused if necessary to prevent a fundamental miscarriage of justice.' " *Ortiz*, 235 Ill. 2d at 329, 919 N.E.2d at 947 (quoting *Pitsonbarger*, 205 Ill. 2d at 459, 793 N.E.2d at 621). "In order to demonstrate a miscarriage of justice to excuse the application of the procedural bar, a petitioner must show actual innocence." *People v. Edwards*, 2012 IL 111711, ¶ 23, 969 N.E.2d 829. To support a claim of actual innocence, "the evidence in

support of the claim must be newly discovered; material and not merely cumulative; and 'of such conclusive character that it would probably change the result on retrial.' " *Ortiz*, 235 Ill. 2d at 333, 919 N.E.2d at 950 (quoting *People v. Morgan*, 212 Ill. 2d 148, 154, 817 N.E.2d 524, 527 (2004)). On an actual-innocence claim, "leave of court should be granted when the petitioner's supporting documentation raises the probability that 'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *Edwards*, 2012 IL 111711, ¶ 24, 969 N.E.2d 829 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 26    In the case *sub judice*, defendant filed a *pro se* motion for leave to file a successive postconviction petition on February 11, 2013. Along with the petition, defendant attached the affidavits of Slayton, Merriweather, Davidson, and Givan. On February 13, 2014, defendant filed a *pro se* motion to supplement the record with Pike's affidavit because "complete consideration" of the successive postconviction petition required inclusion of the document. Also on February 13, 2014, defendant filed a "Pro-se Petition for Successive Post-Conviction," raising a claim of actual innocence and relying on Pike's affidavit.

¶ 27    In July 2014, defendant wrote a letter to the trial court asking about the status of his February 2013 motion for leave to file a successive postconviction petition. In November 2014, defendant filed a motion for the court to answer his February 2013 motion. In January 2015, defendant wrote a letter to the circuit clerk, asking for the status of his February 2013 motion. In March 2015, the court denied defendant's February 2013 motion, finding the affidavits from Slayton, Merriweather, Givan, and Davidson did not constitute newly discovered evidence. The court made no mention of Pike's affidavit.

¶ 28    Section 122-5 of the Act (725 ILCS 5/122-5 (West 2016)) grants the trial court discretion to allow amendments to postconviction petitions at any stage of the postconviction proceedings prior to the final judgment. See also *People v. Watson*, 187 Ill. 2d 448, 451, 719 N.E.2d 719, 720 (1999) (stating section 122-5 allows a trial court, in its discretion, to allow a defendant to amend his postconviction petition). Here, the court does not appear to have ruled on defendant's motion to supplement the record with Pike's affidavit. It is not even clear whether the court was aware of the motion to supplement when it ruled on defendant's February 2013 motion, as it did not reference Pike's affidavit. As the trial court is "in the best position to evaluate the merits of the defendant's motion" (*People v. Harper*, 347 Ill. App. 3d 499, 503, 807 N.E.2d 1001, 1004 (2004)), we find the appropriate action is to remand this cause to the trial court for a ruling on defendant's request for leave to supplement the record with Pike's affidavit. See *People v. Pinkston*, 2013 IL App (4th) 111147, ¶ 20, 989 N.E.2d 298; see also Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (stating the reviewing court may, in its discretion, remand a case as may be required).

¶ 29                                    III. CONCLUSION

¶ 30    For the reasons stated, we vacate the trial court's judgment and remand this cause with directions for the court to rule on defendant's motion to supplement the record and for such further proceedings as may be warranted. As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal.

¶ 31    Vacated; cause remanded with directions.