2021 IL App (1st) 192252-U

No. 1-19-2252

Order filed December 3, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 2288 |
| | ) | |
| XAVIER COX, | ) | Honorable |
| | ) | James M. Obbish, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Daniel Pierce and Justice Mary Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the record does not indicate the circuit court considered defendant's *pro se* motion to supplement his *pro se* motion for leave to file a successive postconviction petition, we vacate the order denying the motion for leave to file the successive petition and remand the cause for consideration of the motion to supplement.

¶ 2    Defendant Xavier Cox appeals from the circuit court's order denying his *pro se* motion for leave to file a successive petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)), alleging that he raised a claim of actual innocence and that the circuit

court did not consider his *pro se* motion to supplement the motion for leave to file the successive petition. We vacate and remand.

¶ 3    The trial evidence established that on September 29, 2000, Mahone was chief of the Conservative Vice Lords gang, while defendant, Linard Kidd, and Fontaine Lewis were members of the rival New Breeds gang. That day, Mahone parked on the 1600 block of South Hamlin Avenue, Chicago, Illinois. Other vehicles arrived, blocking him in place. Fifteen to twenty individuals exited those vehicles, including defendant, Kidd, and Lewis. Some individuals struck Mahone with firearms and baseball bats, and someone shot him in the leg. Then, Mahone was placed in a Suburban vehicle, which drove away. Later that day, he was discovered deceased in an alley.

¶ 4    The State called eyewitnesses to the events on South Hamlin, including Larone Tate, Napoleon Smith, Derek Brown, and Brandi Harrison. Tate testified that defendant instructed others to raise their firearms, but not to kill Mahone. Smith testified that Kidd struck Mahone in defendant's presence, and Harrison testified that defendant struck Mahone with a firearm. Brown testified that he watched defendant give orders during the attack, and acknowledged reporting, in his written statement and grand jury testimony, that defendant said Mahone "was coming with" the group of men.

¶ 5    The State also presented defendant's written statement, which he had given to an assistant State's Attorney after receiving the *Miranda* warnings. In the statement, he asserted that he met with other members of the New Breeds gang when they planned to kidnap Mahone for ransom. Defendant acknowledged being present during the kidnapping, holding a firearm, acting as security for Lewis, and expecting to receive $500 of the ransom. Defendant stated that he told the

others not to kill Mahone. As the Suburban left with Mahone, defendant discharged his firearm in the air and was somehow shot in the hand. Lewis later informed defendant that he killed Mahone.

¶ 6　Following the bench trial, defendant was found guilty of six counts of first degree murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 2000)) and three counts of aggravated kidnapping (720 ILCS 5/10-2(a)(1), (6), (7) (West 2000)) in the death of Elbert Pierre Mahone.[1] The trial court merged the murder counts into a single count of felony murder and imposed concurrent prison terms of 41 years for murder and 10 years for each aggravated kidnapping count.

¶ 7　Defendant filed a notice of appeal, which this court dismissed on his motion. *People v. Cox*, No. 1-06-0899 (2006) (dispositional order).

¶ 8　On January 23, 2009, defendant, through counsel, filed a postconviction petition alleging ineffective assistance of trial counsel. The circuit court docketed the petition for second-stage review, then granted the State's motion to dismiss the petition. Defendant appealed, and this court affirmed. *People v. Cox*, 2012 IL App (1st) 102690-U.

¶ 9　On July 6, 2018, defendant filed a *pro se* motion for leave to file a successive postconviction petition, arguing, in relevant part, that he was actually innocent where Brown recanted his trial testimony in an affidavit obtained by a private investigator "many years after trial." According to defendant, Brown's affidavit established that defendant lacked the intent to commit murder and tried to stop the attack on Mahone. In the attached affidavit, Brown averred that gang members ordered him "to implicate [defendant] as the person who was giving the orders," and Chicago police detectives also pressured him "to tell a different story than what I

---

[1] Defendant, Linard Kidd, and Fontaine Lewis were tried in separate but simultaneous bench trials. Neither Kidd nor Lewis is a party to this appeal.

saw." According to Brown, defendant did not give orders, asked "what are ya'll doing" when the group attacked Mahone, and "wrapped his arms" around Mahone to "shield him."

¶ 10    On November 13, 2018, defendant filed a *pro se* "supplemental petition" requesting "an Order allowing the attached affidavit to support the original petition filed on July 29, 2018."[2] Defendant attached an affidavit from Kidd, which, according to defendant, "recently" came to his attention and was "key to [his] exoneration." Kidd averred that defendant lacked "any knowledge of what was going on" during Mahone's kidnapping and murder, adding that "my [c]o-defendant tried to stop the abduction." Kidd further attested that defendant was shot while protecting Mahone and was unarmed, and that Kidd testified to that fact during his own trial. Defendant requested the court "to admit this document at this time."

¶ 11    On April 26, 2019, the circuit court entered a written order denying defendant's motion for leave to file the successive petition. The court explained, in relevant part, that defendant failed to raise a claim of actual innocence where Brown's affidavit did not contain newly discovered evidence, but rather, comported with defendant's written statement that was introduced at trial. Moreover, the affidavit was cumulative of defendant's statement and neither probative of innocence nor so conclusive as to likely change the outcome on retrial where defendant was convicted of felony murder. The circuit court did not mention the motion to supplement or Kidd's affidavit.

¶ 12    This court allowed defendant's late notice of appeal on November 7, 2019.

---

[2] We construe defendant's *pro se* filing as a motion to supplement his motion for leave to file the successive postconviction petition, which was the only petition defendant filed in July 2018.

¶ 13    On appeal, defendant argues that the circuit court erred in denying him leave to file a successive postconviction petition because he raised a claim of actual innocence based on Brown's and Kidd's affidavits. Alternatively, defendant requests that we vacate the circuit court's order and remand for further proceedings where the circuit court did not consider his motion to supplement the motion for leave to file the successive petition.

¶ 14    The Act provides a mechanism for criminal defendants to challenge a conviction on the basis that it violated their constitutional rights. *People v. Holman*, 2017 IL 120655, ¶ 25. A defendant may file only one postconviction petition as of right. *Id.* The circuit court, however, may permit a successive petition where the defendant demonstrates cause and prejudice for not previously raising the claims, or raises a claim of actual innocence. *Id.* ¶ 26.

¶ 15    The circuit court should only deny leave to file a successive petition alleging actual innocence when, as a matter of law, it fails to raise a colorable claim. *People v. Taliani*, 2021 IL 125891, ¶ 52. The circuit court must take as true all well-pleaded allegations and attached evidence, unless positively rebutted by the record. *People v. Sanders*, 2016 IL 118123, ¶ 48. Where the petition and supporting documents raise a probability that " 'it is more likely than not that no reasonable juror would have convicted [the defendant] in the light of the new evidence,' " the defendant has raised a colorable claim of actual innocence and the circuit court should grant leave to file the successive petition. *People v. Edwards*, 2012 IL 111711, ¶ 24 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Our review is *de novo*. *Taliani*, 2021 IL 125891, ¶ 52.

¶ 16    Section 122-5 of the Act allows circuit courts discretion to permit amendments to postconviction petitions. 725 ILCS 5/122-5 (West 2018)); *People v. Watson*, 187 Ill. 2d 448, 451 (1999). In this case, however, the record on appeal does not indicate the circuit court ruled on

defendant's motion to supplement his proposed successive petition with Kidd's affidavit. Consequently, we vacate the circuit court's order denying defendant's motion for leave to file the successive postconviction petition and remand for a ruling on defendant's motion to supplement. See *People v. Merriweather*, 2017 IL App (4th) 150407, ¶ 28 (vacating the denial of leave to file a successive petition where the circuit court did not "appear to have ruled on defendant's motion to supplement the record" with a newly-discovered affidavit). In so holding, we express no opinion regarding the merits of defendant's motions and proposed successive postconviction petition.

¶ 17    Vacated and remanded.